UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
CROSS BAY DELI & GROCERY CORP.,

Plaintiff,

-against-

UNITED STATES OF AMERICA, et al.,

Defendants.
-------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
26-cv-1152 (CBA) (SDE)
IN RE NOTICE OF VOLUNTARY DISMISSAL

**AMON, United States District Judge:**

On November 2, 2026, Joseph A. Bahgat, Esq., former counsel for the Plaintiff, filed a Notice of Voluntary Dismissal in this case. (See ECF Docket Entry ("D.E.") # 18.) For the reasons I detail below, the Notice of Voluntary Dismissal is STRICKEN, and Mr. Bahgat is ordered to show cause as to why he should not be sanctioned.

## BACKGROUND

As I recounted in my April 7 Order, Mr. Bahgat filed Plaintiff's Complaint on February 27, 2026, with a notation in his signature line of "Pro Hac Vice Pending." (D.E. ## 8 at 1; 1 at 6.) No pro hac vice application had been filed as of that day. He was notified over a month later, on April 1, 2026, by Magistrate Judge Eichenholtz's law clerk that he needed to file a pro hac vice motion, which he subsequently did later that day. (D.E. # 5.) Because his statement that his pro hac vice application was "pending" on February 27 was obviously false, I issued an order that day directing Mr. Bahgat to show cause as to why he apparently filed a false statement in the complaint. (Text Order dated Apr. 1, 2026.) Mr. Bahgat's untimely and defiant response took the risible position that the term "pending" could cover a motion that had never been filed.[1] (D.E. # 6.)

---

[1] In his motion to reconsider, Mr. Bahgat blamed the untimeliness of his response on Magistrate Judge Eichenholtz's law clerk who allegedly told him that no further action was required from him on my order to show cause. (D.E. # 9 at 3.) Without accepting Mr. Bahgat's account and acknowledging that there was a factual dispute over what was said, I stated in my order denying reconsideration, (D.E. # 10), that "a law clerk cannot make final decisions or override

Reviewing other cases Mr. Bahgat filed in this district confirmed that he usually does not file a pro hac vice motion at the time of filing a complaint; states that his pro hac vice motion is "pending" in the signature line of the complaint; and, with few exceptions, files the motion only after being prompted by the Court to do so. (D.E. # 8 at 1-2 (citations omitted).)

For these reasons, on April 7, I exercised my discretion to deny Mr. Bahgat's application to appear pro hac vice in this case. (Id. at 1-3.) Mr. Bahgat moved for reconsideration of my denial on April 9. (D.E. # 9.) In that motion, Mr. Bahgat apologized for the use of the term "pending" which he recognized was imprecise because it could imply that the pro hac vice application was already filed. (Id. at 5.) He maintained that any false statement was unintentional. (Id.) Additionally, Mr. Bahgat assured me that he "will not use that language in any future pleadings or filings (including this one), unless/until a pro hac vice application has been filed with the clerk." (Id.) He also committed to "not file any further papers unless or until the court grants pro hac vice admission (or unless otherwise directed by the court)." (Id. at 8.) Because he relied on the same arguments as in his previous motion to be admitted pro hac vice, I denied reconsideration on May 8. (D.E. # 10.)

On June 11, 2026, Magistrate Judge Eichenholtz ordered Mr. Bahgat to file a letter by June 24 as to how he planned to proceed in this case given that his pro hac vice application was denied and that his client, as a corporation, could not appear pro se. (See Text Order dated June 11, 2026.) When Mr. Bahgat did not meet that deadline, Magistrate Judge Eichenholtz sua sponte extended the deadline to July 13 and again reminded Mr. Bahgat that his client could not appear pro se. (See Text Order dated June 29, 2026.) On July 14, Mr. Bahgat submitted an untimely response stating that he was still actively searching for alternate counsel to file a stipulation of settlement, and he

orders from the court, and Mr. Bahgat should know better than to rely on communications from someone who has no power to communicate said statement." (Id. at 2 n.1.)

suggested that his client could appear for the corporation for the purpose of signing the stipulation. (D.E. # 12.) Later that day, Magistrate Judge Eichenholtz yet again reminded Mr. Bahgat that as a corporation, his client could not appear pro se and gave Mr. Bahgat until August 14 to provide another update. (See Text Order dated July 14, 2026.) Having missed the August 14 deadline, Magistrate Judge Eichenholtz sua sponte extended the deadline to August 26 and informed counsel that this was his final warning before the case was recommended for dismissal. (See Text Order dated Aug. 19, 2026.) On August 31, 2026, Mr. Bahgat filed a letter that was identical to his letter at D.E. # 12 except for the date at the top. Mr. Bahgat failed to change the date of the text order to which the letter purported to respond. (See D.E. # 13.)

In response to that letter, Magistrate Judge Eichenholtz issued an order to show cause as to why Mr. Bahgat should not be sanctioned for failing to comply with the prior orders and that the case be recommended for dismissal for failure to prosecute. (See Text Order dated Sept. 1, 2026.) Mr. Bahgat responded by noting that his prior noncompliance was "exacerbated by . . . summer vacations," but that he had finally found substitute counsel in Jess Berkowitz, Esq. who would file the documents to resolve this case. (D.E. # 14 at 1-2.) Magistrate Judge Eichenholtz gave Mr. Berkowitz until September 16 to file his notice of appearance and deferred ruling on the sanctions prong of the September 1 order to show cause. (See Text Order dated Sept. 10, 2026.) On September 17, Mr. Berkowitz had not yet appeared, and Magistrate Judge Eichenholtz gave him until September 24 to do so. (See Text Order dated Sept. 17, 2026.) Mr. Berkowitz entered his appearance on September 22, 2026. (See D.E. # 16.) Accordingly, Magistrate Judge Eichenholtz gave the parties until October 7, 2026, to file a joint stipulation of dismissal. (See Text Order dated Sept. 23, 2026.) On October 7, the Government issued a status report noting that the stipulation was expected to be filed within the next week. (D.E. # 17.) In response, Magistrate

Judge Eichenholtz gave the parties until October 14 to file the stipulation and specifically noted that any future extensions must be filed as a motion, not a letter. (See Text Order dated Oct. 8, 2026.) The Court's internal docket notes reflect that on October 16, 2026, Magistrate Judge Eichenholtz's Deputy Clerk called Mr. Bahgat to inquire as to the status of the stipulation of dismissal, and that Mr. Bahgat "advised that he will follow-up with his associate \ defense counsel," presumably a reference to Mr. Berkowitz. Two weeks later, on November 2, 2026, Mr. Bahgat filed a Notice of Voluntary Dismissal in this case. (D.E. # 18.)

The Court is gravely concerned about that filing, which contravenes several orders in this case. First, Mr. Bahgat again states that his status in this court is "Pro Hac Vice Pending." But unlike his earlier excuse that "pending" can mean that he planned to file the application, here there is no question that his application is not "pending" because it was denied both in the first instance and on reconsideration. (See D.E. ## 8, 10.) That is an inexcusable false statement. Second, the Court adopted Mr. Bahgat's own suggestion that he "not fil[e] any papers in this case unless and until the court grants pro hac vice admission," yet he filed the notice of dismissal for which he was explicitly advised to find substitute counsel to file. (See D.E. # 10 at 5.)[2] Third, Magistrate Judge Eichenholtz specifically advised the parties that the stipulation was due on October 14, and that extension requests must be filed as a motion on ECF; however, no such motion was filed. (See Text Order dated Oct. 8, 2026.)

[2] The Court understands that Magistrate Judge Eichenholtz's Deputy Clerk was unable to get in contact with Mr. Berkowitz about the status of filing the stipulation. Because of this, Mr. Bahgat was contacted about the status. The Court's internal notes reflect that Mr. Bahgat acknowledged that he would follow up with another attorney, presumably referring to Mr. Berkowitz. To the extent that Mr. Bahgat contends that the October 16 phone call led him to believe that he had leave to file the Notice of Voluntary Dismissal himself two weeks later, that: (1) is not a reasonable interpretation of the phone call; (2) does not excuse his false statement of having pending pro hac vice admission; and (3) defies the Court's previous admonition that "Mr. Bahgat should know better than to rely on communications from [a judicial employee] who has no power to communicate said statement." (D.E. # 10 at 2.)

## DISCUSSION

To begin, the Notice of Voluntary Dismissal, (D.E. # 18), is an improper filing which the court possesses the inherent authority to strike. See In re NASDAQ Mkt.-Makers Antitrust Litig., 164 F.R.D. 346, 349 (S.D.N.Y. 1996) ("A court has inherent authority to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances."). Thus, that document will be stricken, and Mr. Berkowitz is directed to file the Notice of Voluntary Dismissal by November 13, 2026, or else this case will be terminated for failure to prosecute.

"A federal court possesses certain inherent powers to discipline attorneys who appear before it." In re Goldstein, 430 F.3d 106, 110 (2d Cir. 2005) (internal quotation marks and citations omitted). This includes "a court's inherent power . . . to impose monetary sanctions against a litigant (or its counsel) for misconduct." Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd., 991 F.3d 361, 367 (2d Cir. 2021) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991)). Sanctions are merited not only for bad faith conduct, but also "where the attorney has negligently or recklessly failed to perform his responsibilities as an officer of the court." Wilder v. GL Bus Lines, 258 F.3d 126, 130 (2d Cir. 2001). Indeed, "when the district court invokes its inherent power to sanction misconduct by an attorney that involves that attorney's violation of a court order or other misconduct that is not undertaken for the client's benefit, the district court need not find bad faith before imposing a sanction under its inherent power." United States v. Seltzer, 227 F.3d 36, 42 (2d Cir. 2000).

Due process requires that courts provide counsel with notice and an opportunity to be heard before imposing sanctions. In re 60 East 80th St. Equities, Inc., 218 F.3d 109, 117 (2d Cir. 2000). "At a minimum, the notice requirement mandates that the subject of a sanctions motion be informed of: (1) the source of authority for the sanctions being considered; and (2) the specific

conduct or omission for which the sanctions are being considered so that the subject of the sanctions motion can prepare a defense." Id. Accordingly, pursuant to the inherent authority vested in this Court, Mr. Bahgat is ordered to show cause as to why a monetary sanction ought not to be imposed for the following misconduct:[3]

1. Writing that his status before this court is "Pro Hac Vice Pending" in his filing at D.E. # 18 when his pro hac vice application was previously denied.
2. Filing the Notice of Voluntary Dismissal at D.E. # 18 when he was ordered not to file any papers in this case because he was denied pro hac vice admission.

**CONCLUSION**

For the foregoing reasons, the Notice of Voluntary Dismissal at D.E. # 18 is STRICKEN. Mr. Berkowitz is to refile the Notice of Voluntary Dismissal by November 13, 2026, or this case will be dismissed for failure to prosecute. Mr. Bahgat is to respond to this order in a letter of no more than ten pages by November 20, 2026, to show cause as to why a monetary sanction should not be imposed pursuant to the Court's inherent authority for the misconduct described above at (1) and (2).

SO ORDERED.

Dated: November 6, 2026
Brooklyn, New York

/s/ Carol Bagley Amon

Carol Bagley Amon
United States District Judge

[3] "[Mr.] Bahgat is warned that, in determining the propriety of sanctions, the Court will take notice of his conduct in other cases as a matter of public record." Ave. V Gourmet Deli Corp. v. United States, No. 26-CV-1233 (PKC) (RML), 2026 WL 2884163, at *12 (E.D.N.Y. Sept. 25, 2026) (ordering Mr. Bahgat to show cause as to why he should not be sanctioned for misleading the Court about his pro hac vice status) (citations omitted).